**650**

Petition of Giovanni RUSSO, Seaman, for
an Order Setting Aside the Forfeiture
of his Wages, Clothing and Effects, for
Desertion.

### No. 21170.

United States District Court
N. D. California, S. D.
March 13, 1964.

———◇———

Giovanni Russo, in pro. per.

Alexander Karst, Atty., Dept. of Justice, San Francisco, Cal., represented U. S. Admiralty Dept. for Keith R. Ferguson, Sp. Asst. Atty. Gen., in charge of the department.

WOLLENBERG, District Judge.

Petitioner, a seaman serving under foreign articles aboard the SS Sister Katingo, left the ship without permission of the Master, on or about May 2, 1963, in the port of Kalama, Washington. The official log of the SS Sister Katingo indicates that the Master entered petitioner as a deserter, following the vessel's departure from Kalama. Pursuant to 46 U.S.C.A. §§ 701 and 706, $279.03 in wages due the petitioner have been forfeited and deposited in the registry of this Court.

Petitioner now contends that the Master erroneously entered him as a deserter, and he moves the Court for an order setting aside the forfeiture of his wages. In opposition to petitioner's motion, the United States contends that petitioner was correctly entered as a deserter, and pursuant to 46 U.S.C.A. § 628 it claims the forfeited wages on behalf of the fund for the relief of sick and disabled and destitute seamen. Petitioner has notified the Court that he is unable to appear for a hearing, and that he wishes the matter submitted on the basis of his petition and accompanying statement regarding the incident.

■ Desertion consists of a seaman's unconsented abandonment of duty by quitting the ship before the termination of the engagement specified in the articles he signed, without justification and with the intention of not returning. The City of Norwich, 279 F. 687, 698 (2d Cir. 1922). Petitioner has the burden of proving that the Master erroneously entered his desertion in the official log book of the ship. In re Gray's Petition, 176 F.Supp. 704 (D.Ore.1959). The Court finds that petitioner has not met this burden.

Petitioner's statement clearly indicates that he left the SS Sister Katingo at a port not authorized under the articles signed by him, and that this was done without the consent of the Master. It is also evident from his statement that petitioner left with the intention of not returning, and that, in fact, he did not return.

■ As justification for his actions, petitioner states, in essence, that because of broken dentures he was forced to subsist almost entirely on soup and soft foods; that inquiries to both a private dentist and a public health office indicated that repair of the dentures would require more time than he would have in port; that he explained his situation to the Master and on two separate occasions asked to be paid off in Kalama; and that when his requests were denied he packed his belongings and left the ship. Although a seaman may be justified in leaving his ship for reasons of sickness (Barron v. Locke, 2 Fed.Cas. 937 [No. 1,054] [D.C. 1850]), or because he is fed on unwholesome or spoiled provisions (Swift v. The Happy Return, 23 Fed.Cas. 560 [No. 13,697] [D.Penna.1799]), it is the opinion of the Court that petitioner herein has not demonstrated such a compelling reason for his unauthorized departure from the SS Sister Katingo. Indeed, petitioner attempted to get a "Not Fit For Duty" slip from the United States Public Health Office in Portland, Oregon, and he was told that such a slip would not be granted in a case of this nature. The Court finds, therefore, that petitioner left his ship without sufficient justification; that this act of the petitioner constituted desertion; and that the desertion was properly entered by the Master in the official log of the SS Sister Katingo.

Accordingly, petitioner's motion for an order setting aside the forfeiture of his wages is hereby denied. The clerk shall pay the sum of $279.03 to the Treasurer of the United States; and this sum shall be applied to the benefit of the fund for sick and disabled and destitute seamen. Enter order.