**Petition of Jay T. LANDRITH, Seaman, for an Order setting aside the forfeiture of his wages, clothing and effects for desertion.**

**Civ. A. No. 67–B–84.**

United States District Court
S. D. Texas,
Brownsville Division.
April 18, 1969.

---

Hardy & Sharpe (Benjamin S. Hardy), Brownsville, Tex., for petitioner.

Morton L. Susman, U. S. Atty., and Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for the Government.

## MEMORANDUM AND ORDER

GARZA, District Judge.

Jay T. Landrith, a seaman, has petitioned this Court for an order setting aside the forfeiture of his wages, clothing and effects for desertion.

He had signed on as a member of the crew of the SS EAGLE COURIER as a radio officer, in Lake Charles, Louisiana. While on a voyage with the ship, the ship docked in Okinawa, landing there on the 11th of June, 1967.

On the 13th of June he was declared a deserter, a new radio officer was taken on, and the ship sailed from Okinawa, according to the log, after a 35-hour delay because of the failure of Landrith to come on board.

Landrith has appeared and testified in his own behalf, claiming that his failure to board the ship was because he had gone on shore leave with permission and had gotten sick, apparently of ptomaine poisoning; that when he called the agent of the ship he was informed that the ship had already left for Japan. He claims that he had not been drinking.

The certified copy of the log introduced by the Government shows, however, that Landrith was contacted by the ship's agent, and that he was drinking and refused to come on board.

Landrith claims that at the time he left the ship, no sailing notice had been posted; but yet he made no attempt at any time to try to determine the sailing time of his ship even though he had been a seaman for twenty-five years.

Certified copies of the ship's log also show that on January 25, 1967, the EAGLE COURIER'S departure was delayed some four hours because Landrith had been absent, and when he returned to the vessel it was noted that he had been drinking.

The Petitioner argues that if he had wanted to desert, then he would not have left his personal effects, including eight traveler's checks in the sum of $50.00 each, or a total of $400.00, on board the ship.

In accordance with law, Landrith's wages in the sum of $1728.00 and his personal effects were turned over to the Registry of the United States District Court for the Eastern District of Louisiana, New Orleans Division, but by appropriate orders the same were transferred to the Registry of this Court.

From the evidence before me, I find that Seaman Jay T. Landrith did desert his ship, the EAGLE COURIER, in Okinawa.

Under the discretion granted to this Court by 46 U.S.C. § 628, I hereby order that his wages in the sum of $1728.00 be, and they are hereby forfeited; and the Clerk of this Court is to turn said money over to the Treasurer of the United States, to be deposited to the Fund for Disabled and Destitute Seamen.

The personal effects, however, of the said Jay T. Landrith in the Registry of this Court as shown on the account

of Wages and Effects of Deceased or Disabled Seamen, are ordered returned to the Petitioner herein.

This Memorandum constitutes the Findings of Fact and Conclusions of Law of the Court, and is also a Final Judgment.

## SUPPLEMENTAL MEMORANDUM

The Petitioner, a seaman, has filed a motion for an order setting aside the Findings of Fact, Conclusions of Law and Judgment of this Court.

Petitioner, a seaman, had originally filed a petition to set aside the forfeiture of his wages, clothes and effects.

The previous Memorandum and Order of this Court adequately sets out the facts.

Petitioner was a seaman declared to be a deserter as a result of his failing to return to his ship.

His wages and belongings were forfeited pursuant to 46 U.S.C. § 701.

A hearing was held by this Court on August 30, 1968, to determine if said forfeiture should stand.

The only live witness was the Petitioner himself. This Court heard his story and in its discretion failed to believe the testimony.

Certified copies of the ship's log show that Petitioner was posted as a deserter after he failed to return to the ship. The log further shows that Petitioner was contacted by the ship's agent, was drinking, and refused to come on board.

When a seaman is logged as a deserter, the log constitutes prima facie evidence of its truth and imposes upon seaman the burden of going forward with the evidence. Kellar v. United States, 273 F.Supp. 945 (E.D.Va., 1967); Petition of Russo, 232 F.Supp. 650 (N.D. Cal., 1964).

The fact that the Petitioner left his belongings on board did create a presumption against the intention of desertion, but such presumption can be rebutted by an express statement showing that he did not intend to return, or by other facts and circumstances spelling out an intent. In re Larson's Petition, 152 F.Supp. 252 (E.D.Va., 1957); Petition of Murphy, 73 F.Supp. 710 (W.D. Mo., 1947).

I find that this presumption was overcome by the evidence presented by the log.

This Court finds that all other alleged errors are without merit.

Therefore, the motion to set aside the previous judgment is hereby and in all things denied.