**In the Matter of John W. MACK, alleged deserting seaman, ex S/S TRUSTCO.**

**Misc. No. 140.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 25, 1970.

John W. Mack, pro se.

C. Leland Hamel and B. Stephen Rice, Asst. U. S. Attys., Houston, Tex., for respondent.

MEMORANDUM AND ORDER:

*On Motion for Summary Judgment*

CONNALLY, Chief Judge.

This is a suit to forfeit $452.00 in wages of an alleged deserting seaman under 46 U.S.C. §§ 701–706. The gov-

ernment has moved for summary judgment, and the affidavits and exhibits on file reflect the following undisputed facts.

■ In June, 1964, petitioner signed ship's articles at Kalma, Washington, for a voyage to the Far East aboard the S/S "TRUSTCO". On or about August 21, 1964, while the vessel was docked at Rota, Spain, Mack received shore leave with permission of the Master. Notice had been posted August 20 at 4:00 p. m. that the vessel would sail at 5:00 p. m. on the following day. Immediately prior to sailing time on August 21, petitioner's absence was reported to the Master. The Master delayed the sailing of the vessel until 6:00 p. m.; at that time the ship departed without petitioner. The Master thereafter logged petitioner as a deserter in the official logbook of the S/S "TRUSTCO". Under these facts the government has made a prima facie case of desertion. Petition of Landrith, 298 F.Supp. 1213 (S.D.Tex. 1969).

Mack has filed a petition to set aside the charges of desertion, alleging he did not rejoin his vessel because unlawfully detained by Spanish Authorities. The Master contends he checked with Spanish Authorities before sailing in an effort to locate petitioner; he was told petitioner was not in custody or his whereabouts known.

The record indicates the government has filed a request for admissions pursuant to F.R.Civ.P. 36. The record also reveals such admissions were served on petitioner by certified mail, return receipt requested, at his last known street address in New Orleans, Louisiana. Such service complies with the dictates of F.R.Civ.P. 36 and 5(b). The admissions have not been answered; it is undisputed that the letter has never been receipted for.

■ The admissions, if taken as admitted, establish that petitioner left the TRUSTCO on August 21, 1964, before the termination of the voyage, with the intent not to return, and with knowledge of the sailing time of the vessel. Such is desertion under the law. Petition of Russo, 232 F.Supp. 650 (N.D.Cal.1964); the City of Norwich, 279 F. 687 (2d Cir. 1922).

■ It is well settled that failure to respond to a request for admissions will permit entry of a summary judgment if the facts admitted are dispositive of the case. Moosman v. Joseph P. Blitz, 358 F.2d 686 (2d Cir. 1966). Such is the situation here. Failure to receive a request for admissions will not prevent a summary judgment based thereon; however, the record must show the request was mailed to the last known street address of the party concerned in compliance with F.R.Civ.P. 5(b). United States v. Brandt, 8 F.R.D. 163 (D. Mont.1948) and Timmons v. United States, 194 F.2d 357 (4th Cir. 1952).

■ This Court is mindful of the decision in Ark-Tenn Distributing Corp. v. Breidt, 110 F.Supp. 644 (D.C.N.J. 1953), aff'd 209 F.2d 359 (3rd Cir. 1954). That court held failure to deny a request for admissions should not be tantamount to an admission where (1) the defendant does not know of the request, and (2) the court feels to enforce the general rule would be to the detriment of substantial justice. Such is not the case here. This action was commenced on September 17, 1964; Mack filed his petition on September 24, 1965. Since that time petitioner has done nothing to expedite the litigation. He has filed nothing more than the usual "Seaman's Petition"; he has obviously failed to keep this court informed of his current address. Thus, it is the judgment of this court that substantial justice requires litigants to prosecute their cases with some amount of diligence; petitioner has not done so.

The government's motion for summary judgment is granted. The forfeited wages are ordered paid into the Treasury of the United States. The personal effects of petitioner are ordered held in the registry of the court. Petitioner may have them disbursed at his convenience.