299 So.2d 247

**Beatrice TAYLOR, Individually, etc.**

**v.**

**MAJOR FINANCE CO., INC.,**
**a corporation, et al.**

**SC 518.**

Supreme Court of Alabama.

July 11, 1974.

Rehearing Denied Aug. 29, 1974.

Harry B. Cohen, Frank M. Bainbridge, Birmingham, for Beatrice Taylor, individually, etc., appellant.

**644**

Sirote, Permutt, Friend & Friedman and William G. West, Jr., Birmingham, for Major Finance Co., Inc., a Corp., and others, appellees.

Lee E. Bains, Bessemer, for Dixie Smith Finance Corp., d/b/a Bell-Air Finance Co., and others, appellees.

George I. Case, Jr., Birmingham, for New Finance Co., Inc., and others, appellees.

Edwin A. Strickland, Birmingham, for Shelby Finance Co., Inc., and others, appellees.

Donald B. Sweeney, Jr., Birmingham, for Mutual Finance Corp. of Fourth Avenue, a Corp., appellee.

LAWSON, Supernumerary Justice.

Beatrice Taylor, on or about March 25, 1970, filed a class action against Major Finance Company and numerous other companies and individuals engaged in the business of making small loans alleging that the respondents charged usurious interest on loans made to her and the members of the class of borrowers she represented and wrongfully induced the class to execute contracts, notes and mortgages to secure payment of said unlawful loans. The bill also alleged that the respondents, by using harsh collection tactics and coercing the borrowers to renew their loans, were committing acts constituting both a public and private nuisance. This bill was docketed as Case No. 160–555 in the Circuit Court of Jefferson County, in Equity.

Various respondents filed responsive pleadings to the bill as amended including demurrers, a majority of which were addressed to the bill as a whole although a few contained grounds properly addressed to certain aspects of the bill.

On November 9, 1970, the trial court rendered a "final decree" whereby:

1. The separate and several demurrers of the separate and several respondents were separately and severally sustained.

2. The cause was dismissed *without prejudice* to Beatrice Taylor "to the filing of a proper action in law or in equity."

3. The costs of the action were taxed to the complainant, Beatrice Taylor.

Beatrice Taylor, individually and on behalf of all other people similarly situated, filed an application for rehearing on December 8, 1970.

On March 26, 1971, Beatrice Taylor filed a motion to set aside the final decree and for a severance. On the same day the trial court rendered an "order" whereby the "application for rehearing" and the

"motion to set aside final decree and for a severance" were denied.

Beatrice Taylor then took an appeal to this court from the decrees of November 9, 1970, and March 26, 1971. The appeal was docketed here as 6 Div. 899.

This court, on September 14, 1972, dismissed the appeal from the decree of November 9, 1970, on the ground that it was not a final decree and, therefore, not appealable. The appeal from the decree of March 26, 1971, was dismissed because it would not support an appeal in that it did not purport to modify the decree of November 9, 1970. Rehearing was denied on November 9, 1972. Taylor v. Major Finance Company, Inc., 289 Ala. 458, 268 So.2d 738.

On December 18, 1972, Beatrice Taylor filed in the trial court in Case No. 160–555, supra, a "Petition to allow amendment to bill of complaint to permit complainant to proceed individually." Following the filing of certain pleadings by some of the respondents, the trial court on December 20, 1972, rendered an order overruling and denying the petition of Beatrice Taylor filed on December 18, 1972. Costs were taxed against her.

Thereafter, on January 19, 1973, Beatrice Taylor filed on her own behalf and on behalf of all other persons similarly situated a "Petition for Rehearing and for decision in favor of complainant, individually and for and on behalf of all other persons similarly situated." This petition was not directed to the order of December 20, 1972, but was apparently filed for the reasons heretofore stated. The basis upon which this application was filed was the holdings of this court in Echols v. Star Loan Company, and Echols v. O. K. Discount Company, 290 Ala. 76, 274 So.2d 51, which holdings Beatrice Taylor asserted "directly or indirectly reversed the earlier decision of the Supreme Court in this case." The Echols cases were decided on January 11, 1973, and the time for filing

application for rehearings with this court in those cases had not expired at the time Beatrice Taylor filed the Petition or Application for Rehearing of instant concern. The trial court rendered an order on the day said Petition was filed retaining jurisdiction thereof until final disposition was made by this court of the Echols cases.

On May 30, 1973, the trial court having been advised by counsel for Beatrice Taylor that applications for rehearing in the Echols cases had been denied by this court on March 8, 1973, set July 20, 1973 as the day on which Beatrice Taylor's petition filed on January 19, 1973, should be heard.

Motions to strike the last mentioned petition were filed by several of the respondents on July 18, 1973. On August 2, 1973, the trial court decreed as follows:

"That the said 'Motion To Set Down For Hearing Pending Petition of Complainant For Decision in Favor of Complainant, Individually, And Also On Behalf Of And For The Use And Benefit Of All Other Persons Similarly Situated' should be, and it hereby is, overruled, denied and stricken, and the costs created by the filing thereof are taxed to Complainant, for which let execution issue."

On August 31, 1973, Beatrice Taylor on behalf of herself and other persons similarly situated filed security for costs of appeal to this court which reads, in part, as follows:

"We, the undersigned, jointly and severally, hereby acknowledge ourselves security for all costs of appeal to the Supreme Court of Alabama from the Decree rendered in the above entitled Cause on the 2nd day of August, 1973; from the Decree rendered in the above styled Cause, on to-wit, November 9, 1970; from the Decree rendered in the above styled Cause, on to-wit, March 26, 1971; from the Decree rendered in the above styled Cause, on to-wit, December 20, 1972; and from each adverse Decree

rendered in the above styled Cause against Complainants, separately and severally; and hereby agree to pay all such costs. * * *"

On September 5, 1973, prior to the time a Certificate of Appeal was filed with this court, Beatrice Taylor on her own behalf and on behalf of the class she purported to represent, filed here a "Petition for Mandamus In The Alternative, Or For Certiorari In The Alternative, Or For Other Remedial Writ In The Alternative." We need not delineate its contents at this point in this opinion.

On September 13, 1973, a Certificate of Appeal was filed in this court which was given the same number as the petition filed on September 5, 1973, that is S.C. 518. The Certificate of Appeal shows, like the bond to secure costs of appeal, that Beatrice Taylor, on her own behalf and on behalf of the class, appealed from decrees rendered in Circuit Court, Case No. 160–555, on August 2, 1973, November 9, 1970, March 26, 1971, December 20, 1972, and "from each adverse decree rendered in the above styled cause against complainants, separately and severally, * * *"

On September 25, 1973, the trial judge, the Honorable William C. Barber, filed in this court his demurrer and answer to the "Petition For Mandamus In The Alternative Or For Certiorari In The Alternative, Or For Other Remedial Writ In The Alternative," filed in this court by Beatrice Taylor on September 5, 1973.

The transcript of the record was filed in this court on January 25, 1974, requests for extension of time made by Beatrice Taylor for filing of the transcript having been previously granted. In accord with an order of this court, the record in the cause of Taylor, etc., v. Major Finance Company, Inc., (6 Div. 899), 289 Ala. 458, 268 So.2d 738, was incorporated by reference in the transcript of the record filed in this proceeding on January 25, 1974.

The transcript of the record filed on January 25, 1974, contained four assign-ments of error. This court on February 4, 1974, granted a motion of the appellant Beatrice Taylor, etc., to amend her assignments of error 3 and 4. Such amendments were made within the time allotted.

As amended the assignments of error of appellant Beatrice Taylor, etc., read:

"1. The court below erred in making and entering its Final Decree of the 9th day of November 1970. (6th Div. 899, R. 59–60, R. 27–37.)

"2. The court below erred in making and entering its Order of the 26th day of March, 1971. (6th Div. 899, R. 68–69, R. 60–62, R. 64–66, R. 66–68.)

"3. The court below erred in ordering, adjudging, and decreeing by its Order of the 20th day of December, 1972, as follows:

'ONE: The said "Petition to Allow Amendments To Bill of Complaint To Permit Complainant to Proceed Individually" as heretofore filed by Complainant on December 18, 1972 should be, and it hereby is, overruled and denied.' (S. C. 518, R. 4–5, R. 2–4.)

"4. The court below erred in ordering, adjudging, and decreeing by its Decree of the 2nd day of August, 1973 as follows:

'ONE: That the said "Motion to Set Down for Hearing Pending Petition of Complainant For Decision In Favor Of Complainant, Individually, and also on Behalf of and For the Use and Benefit of All Other Persons Similarly Situated" should be and it hereby is, overruled, denied and stricken, and the costs created by the filing thereof are taxed to Complainant, for which let execution issue.' " (S.C. 518, R. 22–23, R. 15–18.)

On March 29, 1974, some of the respondents below filed in this court a motion to strike assignments of error 1 and 2 and to dismiss the petition filed by Beatrice Taylor, etc., for Mandamus or Alternative Writ. The cause was submitted in this

court on April 9, 1974, "On Motions and on Merits."

■ The motion to strike assignments of error 1 and 2 is well taken and those assignments will not be considered. They would have this court review a decree rendered on November 9, 1970, considerably more than two years prior to the time this appeal was attempted. The attempted appeal came much too late. Sections 754 and 788, Title 7, Code 1940. See Federal Deposit Ins. Corp. v. Equitable Life Assur. Soc., 289 Ala. 192, 266 So.2d 752.

■ Assignment of error 3 as amended is also inefficacious. It challenges a decree rendered on December 18, 1972, although no decree was rendered on that date. Perhaps this assignment was intended to be directed to the decree rendered on December 20, 1972. Even if we overlook that inaccuracy of averment and even if it be assumed that the decree of December 20, 1972, would support an appeal timely taken, the appeal or attempted appeal in this case came too late. The taking of an appeal is perfected upon the filing of a good and sufficient surety for costs of appeal. Federal Deposit Ins. Corp. v. Equitable Life Assur. Soc., supra. Here such a bond was not filed until August 31, 1973, much more than six months after the rendition of the decree sought to be reviewed. Sections 754, 788, Title 7, Code 1940; Federal Deposit Ins. Corp. v. Equitable Life Assur. Soc., supra.

■ In substance assignment of error 4 complains of the action of the trial court in overruling on August 2, 1973, an application for rehearing of a decree rendered on November 9, 1970, which application was not filed until January 19, 1973. The application for rehearing was, of course, filed too late. Equity Rule 62. Moreover, the decree of August 2, 1973, did not modify the decree of October 23, 1970, hence it will not support an appeal. Equity Rule 62; Taylor v. Major Finance Co., Inc., 289 Ala. 458, 268 So.2d 738.

The effort to appeal from the decrees of November 9, 1970 (assignments of error 1 and 2), and the effort to appeal from the decree of December 20, 1972 (assignment of error 3), were not timely and therefore the purported appeals from those decrees will be dismissed ex mero motu. Gray v. State ex rel. Atty. Gen., 279 Ala. 333, 185 So.2d 125; Journequin v. Land, 235 Ala. 29, 177 So. 132. Likewise, the decree of August 2, 1973, not being appealable, is subject to dismissal. Taylor v. Major Finance Co., Inc., 289 Ala. 458, 268 So.2d 738.

■ The petition for mandamus, certiorari, or other remedial writ in the alternative is presented too late in regard to the decrees of November 9, 1970, March 26, 1971, and December 20, 1972, to even consider whether any such writ would be an appropriate method of review of any of these decrees. Preddy v. Herren Sales Co., 215 Ala. 216, 110 So. 131; Ex parte State ex rel. Denson, 248 Ala. 161, 26 So. 2d 563; Nelson v. Darling Shop, 275 Ala. 598, 157 So.2d 23.

■ As far as we can determine resort is had to the petitions for extraordinary writ in hopes of attaining review of decrees from which appeals were not timely taken. Such is not the function of those writs.

■ Nor can a decree overruling an application for rehearing which does not modify the original decree be reviewed by such extraordinary writs.

Appeal dismissed.

Petition for extraordinary writs denied.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, and FAULKNER, JJ., concur.