## Leo FREED
### v.
### PLASTIC PACKAGING MATERIALS, INC.

Civ. A. No. 71–1016.

United States District Court,
E. D. Pennsylvania.

April 28, 1975.

Otis W. Erisman, Truscott & Erisman, Philadelphia, Pa., for plaintiff.

No appearance of record for defendant.

## MEMORANDUM

DAVIS, Senior District Judge.

This Motion by plaintiff for Summary Judgment presents an unusual situation in that its disposition is dependent entirely on procedural considerations.

Plaintiff's Complaint seeking the recovery of a finder's fee was filed on April 29, 1971. In due course, defendant, through its attorney filed an Answer. Subsequently, however, defendant's attorney was caused to petition the Court to withdraw as counsel because of his client's lack of cooperation and failure to pay counsel fees.[1] On November 4, 1971, counsel was permitted to withdraw his appearance, and to the present time, the defendant has remained unrepresented. On April 24, 1974, a request for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure was served on defendant by certified mail, return receipt requested, at the corporation's last known street address and also at another address in care of the parent company of defendant. Both documents were returned to the sender, plaintiff's attorney, the former marked "Addressee Unknown" and the latter stamped "Out of Business".[2] (See, Affidavit of Otis W. Erisman, Esquire, dated June 13, 1974). Plaintiff's request for admissions has not been answered, although it appears clearly that such was never received by the defendant.

Thus, the Motion for Summary Judgment is before us on a record containing the Complaint, Defendant's Answer, and Plaintiff's unanswered Request for Admissions supported by an appropriate affidavit as to the service of the request on the defendant. Under Rule 36(a), the requests must be deemed now to state admitted and undisputed facts, which may be briefly set forth.

Plaintiff entered into an oral contract in November, 1968, with the defendant corporation according to the terms of which he agreed to use his efforts to find a manufacturing and distributing

---

1. Apparently, this situation developed because the defendant corporation went out of business.

2. Such service was made in accordance with F.R.Civ.P. 5(b).

outlet for defendant's plastic packaging material in Great Britain. He was to be paid a fee for his services in the event he located such an outlet. In September, 1969, as a result of his efforts on behalf of defendant, plaintiff concluded an agreement with a British firm for the manufacture and distribution of defendant's product. Subsequently, he submitted a statement to defendant in the amount of $15,000.00 as a reasonable value of the services rendered, which fee has not been paid.

█ █ It is clear that plaintiff is entitled to a Judgment in his favor. Rule 56(c) provides that Summary Judgment shall be rendered if, among other documents, "[the] admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The form of the admissions is unimportant. It is well settled that admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment. Moosman v. Joseph P. Blitz, 358 F.2d 686 (2d Cir. 1966); O'Campo v. Hardisty, 262 F.2d 621 (9th Cir. 1958); Jackson v. Riley Stoker Corporation, 57 F.R.D. 120 (E.D.Pa.1972); Villarosa v. Massachusetts Trustees of Eastern Gas & Fuel Associates, 39 F.R. D. 337 (E.D.Pa.1966); See also, 6 Moore's Federal Practice § 56.11[6]. Treating the facts of plaintiff's claim as admitted, therefore, there remains no triable issue of fact; plaintiff's claim is established, including the amount of damages. However, one further issue deserves some discussion.

Some question may exist as to the propriety of granting summary judgment on the basis of an unanswered request for admissions where it appears that the request was never received. Plaintiff has directed our attention to the case of In Re: Mack, 330 F.Supp. 737 (S.D.Tex.1970), which, in light of our own research, is apparently the only case law authority directly on point. Faced with a similar situation therein, the Court granted Summary Judgment, and in doing so, set forth what we agree is the controlling law:

"It is well settled that failure to respond to a request for admissions will permit entry of a summary judgment if the facts admitted are dispositive of the case. Moosman v. Joseph P. Blitz, 358 F.2d 686 (2d Cir. 1966). Such is the situation here. Failure to receive a request for admissions will not prevent a summary judgment based thereon; however, the record must show the request was mailed to the last known street address of the party concerned in compliance with F.R. Civ.P. 5(b). United States v. Brandt, 8 F.R.D. 163 (D.Mont.1948) and Timmons v. United States, 194 F.2d 357 (4th Cir. 1952)."

█ In the case at bar, the requirements of Rule 5(b) have been met. The averments of plaintiff's supporting affidavit clearly disclose proper service of the Request for Admissions by mail. Such service is complete upon mailing. F.R.Civ.P. 5(b). "Non-receipt of the paper does not affect the validity of the service." 2 Moore's Federal Practice § 5.07 at p. 1356. This, of course, makes good sense. All parties have an obligation to keep the Court advised of a current address for the service of papers, either to counsel or the party directly. One who does not do so should not thereby be able to foreclose an opposing party from taking full advantage of the procedures which our Rules allow. If receipt were required to effect service, any party could effectively make service impossible by remaining incognito. Thus, like the Court in *Mack,* supra, we are satisfied that Summary Judgment may be properly granted.

█ We are also compelled to distinguish, as did the Court in *Mack,* a line of contrary authority represented by the decision in Ark-Tenn Distributing Corp.

v. Breidt, 110 F.Supp. 644 (D.C.N.J. 1953, aff'd, 209 F.2d 359 (3d Cir. 1954), particularly as it involves a case in our Circuit.[3] On the law, however, it is inapposite. In that case, the Court held that the failure to deny requested admissions should not be deemed a binding admission where the party did not know of the request and the interests of justice would not be served by such preclusion. The holding thus indicates that there may be cases in which the failure to respond to a request for admissions is not binding. Certainly, an argument could be made that a party should not be bound by admissions in a document he has never received. But that case was decided before the 1970 amendments to Rule 36 made clear the effect of admissions under that Rule. While there may have been confusion before,[4] the amended rule now declares that any matter admitted is conclusively established. It makes no difference whether the requested admissions are received and unanswered or never received. Thus, where a request for admissions is properly served to which no timely response is made, all matters therein are admitted and may well form the basis for Summary Judgment. The Rules of Procedure permit no other considerations.

Finally, it is not enough that the defendant may have denied in its Answer, the factual averments now deemed admitted. Defendant had an affirmative duty to respond specifically to this Motion. Rule 56(e) provides, in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there

is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Plaintiff's Motion will be Granted. Based on the admissions of the defendant, there remains no genuine issue as to any material fact, and plaintiff is entitled to a Judgment as a matter of law.

---

3. We are also motivated to take a more careful look at this issue since the motion before the Court is unopposed, and we have not had the benefit of counter-briefs and arguments on behalf of defendant.

4. Cf. McSparran v. Hanigan, 225 F.Supp. 629, 636 (E.D.Pa.1963), wherein the Court discusses the deficiencies of the prior rule. See also, 4 A Moore's Federal Practice § 36.01[7].