Petition for a writ of mandamus to compel the respondent trial judge to set aside an order admitting the responses to a Request for Admissions because the responses were not timely filed. The writ is denied.
On April 27, 1976, Robert H. Evans filed an action in the Circuit Court of Morgan County against Insurance Company of North America (INA). In that action the plaintiff claimed damages for breach of contract on a policy of insurance which provided for disability payments. The defendant filed a motion to dismiss which was denied on June 3, 1976. Its answer was filed on June 14, 1976 and written interrogatories were propounded to the plaintiff on June 21, 1976. INA's motion to require answers was filed on July 30, 1976, and Evans' answers were filed on August 20, 1976.
On September 1, 1976 INA filed an amended answer, and also a request for admissions of facts which was served on Evans' counsel on that date. No response to that request was filed within thirty days after service. INA then filed a motion for summary judgment on November 10, 1976. That motion was set for hearing on January 14, 1977. The day before that hearing, or one hundred thirty-four days after service of the request, Evans filed his responses, together with his counter-affidavit to defendant's motion for summary judgment. On the next day, the date set for the hearing, INA moved to strike the responses and the counter-affidavit. The trial judge denied the motion to strike and continued the motion for summary judgment. Following the filing of this petition, this Court ordered the respondent to file his answer, which was duly filed, and the petition was argued and submitted to this Court on June 22, 1977.
The respondent-Evans has moved this Court to dismiss the petition on the ground that it was not filed within the time allowed. He cites us to Tit. 7, § 1074, Alabama Code which provides for a time limit of thirty days. That section, however, does not apply to original petitions for writs of mandamus filed in this Court. It applies *Page 1101 
to appeals taken to this Court from "any such proceeding," that is, from applications for extraordinary writs addressed to trial courts, and when the trial court has entered a final judgment. It would have been more appropriate for counsel to have cited us to Tit. 7, § 761 which provides for appeals to this Court from a rule nisi upon an application for an extraordinary writ, for in the instant case no final judgment has been entered by the trial court. Section 761 has been modified by the Alabama Rules of Appellate Procedure, and the time for taking an appeal from the interlocutory order of a trial court upon an application for an extraordinary writ now is forty-two days. Comment, App. III, Statutes Modified 501, 504, Alabama Rules of Court (West Pub. Co. 1977).
That section, however, did not establish the time within which an application for a writ of mandamus should be filed inthis Court. Mandamus is an extraordinary remedy, and only unreasonable delay is a ground for dismissing a petition for such relief. State ex rel. Bates v. Savage, 34 Ala. App. 633,42 So.2d 695 (1949); Ex parte Strock, 27 Ala. App. 255, 170 So. 487
(1936); Cf. Taylor v. Major Finance Co., Inc., 292 Ala. 643,299 So.2d 247 (1974); Folmar v. Brantley, 238 Ala. 681,193 So. 122 (1940). The defendant's petition to this Court was filed on February 25, 1977, forty-two days (six weeks) after the trial court's order of January 14, 1977. This action was within the time period allowed for taking an ordinary appeal, and there does not appear to have been an unreasonable delay on the part of the petitioner, no prejudice having been shown nor any other circumstances which would show unreasonableness. Therefore, the respondent's motion to strike this petition for a writ of mandamus is denied.
The dispositive issue here is whether the trial court abused its discretion in denying the motion to strike plaintiff's responses, and this depends upon the establishment of a clear legal right by the defendant and the absence of another adequate remedy. Foshee v. State, 210 Ala. 155, 97 So. 565
(1923). As this Court stated in Miller v. Holder, 292 Ala. 554,297 So.2d 802 (1974):
 The test to be applied in deciding whether mandamus should be granted to review an interlocutory order has been stated as follows:
 `We have said that the test as to whether mandamus will be issued now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of remedy by appeal . . .' (Citation omitted).
The purpose behind Rule 36 is not discovery, but to establish a procedure "for facilitating the proof at the trial by weeding out facts and items of proof over which there is no dispute, but which are often difficult and expensive to prove." Moore'sFed.Prac., 2d ed., Par. 36.02. To accomplish this result, the plain terms of Rule 36 (a), ARCP allow "a written request for the admission, . . . of the truth of any matters . . . that relate to statements or opinions of fact or of the application of law to fact, . . . " This language follows:
. . . The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him. . . . (Emphasis supplied).
And then, under Rule 36 (b):
 Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . (Emphasis supplied).
A review of the history of federal Rule 36 reveals that under the original Rule 36 the evidentiary effect of an admission was *Page 1102 
unclear. Apparently this was because the original rule contained neither a statement on that effect nor any provision under which a party could be relieved from an admission which he had made. See Moore's Fed.Prac., supra, Par. 36.08. The language of the Alabama rule corresponds to the 1970 amendments to federal Rule 36, which were intended to clarify the matter, and these clearly provide that the admission made in response to the request "is conclusively established" unless (1) there is a motion for amendment or withdrawal of the admission, and (2) the trial court grants that motion.
That the conclusive admissions established by reason of Rule 36 have been sufficient upon which to base summary judgments is well established. Goodman v. Mead Johnson Company,388 F. Supp. 1070 (D.C. 1974). On that point the court in Freed v.Plastic Packaging Materials, Inc., 66 F.R.D. 550, 552 (D.C. 1975) pithily noted:
. . . Rule 56 (c) provides that Summary Judgment shall be rendered if, among other documents, `[the] admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' The form of the admissions is unimportant. It is well settled that admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary
Judgment. (Citations omitted). (Emphasis supplied).
It is significant that in Freed the plaintiff's request to the defendant under Rule 36 was properly served by mail but never received. The Freed court referred to a similar case, In Re:Mack, 330 F. Supp. 737 (D.C. 1970) as containing the controlling law:
. . . Failure to receive a request for admissions will not prevent a summary judgment based thereon; however, the record must show the request was mailed to the last known street address of the party concerned in compliance with F.R. Civ.P. 5 (b). (Citations omitted).
. . . . .
 . . . While there may have been confusion before, the amended rule now declares that any matter admitted is conclusively established. It makes no difference whether the requested admissions are received and unanswered or never received. Thus, where a request for admissions is properly served to which no timely response is made, all matters therein are admitted and may well form the basis for Summary Judgment. The Rules of Procedure permit no other considerations.
These decisions give considerable dimension to the nature of the party's right when he moves later for summary judgment based in whole or in part upon the matter admitted under Rule 36. They are particularly instructive in a situation like that before us, which reveals no problem regarding either service or knowledge. The plaintiff here, moreover, filed no motion or any other request for an extension of time. He did not make any objection to the matters contained in the request. All he did was file his answers the day before the defendant's motion for summary judgment was to be heard, one hundred thirty-four days after service of the request.
Notwithstanding this background, the respondent has cited us to a number of federal cases for the proposition that the trial judge is vested with discretion to allow tardy responses to requests for admissions. Some of the cases he cites did not pertain to the effect of Rule 36. Of those which did consider its effect, the trial court was upheld in allowing the untimely responses. French v. United States, 416 F.2d 1149 (C.A.9th 1969); United States v. Cannon, 363 F. Supp. 1045 (D.C.Del. 1973) (denial of requested admission filed ten days late);Pleasant Hill Bank v. United States, 60 F.R.D. 1, 3 (D.C.Mo. 1973) (request dated October 25, 1972, response February 9, 1973). These allowances were made without any previous motionor objection by the other party, as is the case here. It is also notable that the court in each case found that no trial delay was caused by the allowance of the late responses and no prejudice *Page 1103 
to the opponent was shown. This is a reasonable premise upon which to base a decision allowing the responses, since the purpose of the Rule, as we have stated, is to facilitate the trial. If the trial is not delayed by the late party to the prejudice of the party requesting the admissions, there could be no reasonable ground for imposing upon him the onerous burden which otherwise the admissions might cast upon him, such as having summary judgment granted against him instead of being allowed a trial by jury. This application of the Rule was utilized in a case in which the responses were ten months late,Brennan v. Varrasso Bros., Inc., 17 FR Serv.2d 718 (D.C.Mass. 1973). There, after the failure of the defendant to respond to his request, plaintiff had released witnesses, and established prejudice by showing the court the difficulty to be experienced in attempting to locate them in order to prove the matters tardily denied (thus previously admitted) by the defendant. See also Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686 (1966).
We do not perceive any divergence of authority in the cases to which we have alluded above. Goodman, Freed and Mack pertain to the evidentiary nature of the request for admissions whenthe matter contained in the request is admitted, however that admission occurs, that is, whether by response or by failure to respond. French, Cannon and Pleasant Hill Bank, however, deal with an entirely different question, i.e., whether the matterhas been admitted, or to put the question in another way, whether the trial court has any discretion in determining whether the matter is admitted. That such discretion exists under Rule 36 (b) is established not only by the language of that rule
. . . the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits . ..
but by the federal precedents calling for the exercise of that discretion even in the absence of a motion, withdrawal or amendment. French, Cannon and Pleasant Hill, supra. This position does not run counter to our recent decision inBillingsley v. Gordon, 340 So.2d 743 (Ala. 1976), because the majority opinion dealt with the failure of the trial judge to comply with Rule 56 (c), ARCP.
No hard and fast rule can be adopted in these instances. A ten-day failure may, indeed, cause a delay which works to the prejudice of the requesting party. On the other hand, a ten-month failure may result in no prejudice at all. The question, then, is not whether the party requested has proved extenuating circumstances as an excuse for his delay; it iswhether the requesting party has been prejudiced by any delay
caused by the failure to respond. This is the issue addressed to the trial court, and the issue addressed to this Court is whether, in the exercise of his discretion, the trial court has abused that discretion.
The petitioner here claims undue injury, and therefore prejudice, because it "has been denied its right to an affirmative ruling on its motion for summary judgment and will now have to incur the expenses and time of trying the case on the merits." But the trial court has not ruled upon the motion for summary judgment, and so we cannot determine whether any right to such a judgment has been infringed. The merits of the controversy have been preserved for decision, insofar as the record discloses, and the defendant-petitioner has not shown any prejudice to it resulting from the delay. It may proceed to an adjudication on the merits by way of summary judgment or trial, depending upon future proceedings. In any case, it would be speculative at this juncture for this Court to conclude now, before the trial court has had an opportunity to rule upon it, that the defendant had a clear legal right to a summary judgment which was denied to him through the exercise of a discretionary power possessed by the trial judge. We do conclude under the facts before us that the defendant has failed to show any prejudice resulting from the *Page 1104 
plaintiff's delay in furnishing the responses, and therefore has failed to establish any abuse of discretion by the trial judge.
We do not, however, foreclose later review of any action below pertaining to unnecessary expenses sustained by the defendant as a result of the plaintiff's untimely compliance, see Rule 37 (c), ARCP, or review by way of possible appeal of any other error alleged to be prejudicial arising out of this controversy. Specifically, if the defendant succeeds in proving the facts which it sought by request for admission, the sanctions under Rule 37 (c) ARCP, should include all expenses which it incurred because of the plaintiff's failure or refusal to admit its request.
The petition for the writ of mandamus is due to be denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, FAULKNER and SHORES, JJ., concur.