EMBRY, Justice.
This is a petition for a writ of mandamus to compel the trial judge to sever claims made, in an amended complaint, against Furnace and Corrosive Services, Inc., La-Mo Refractory Supply Company, Inc., and J. R. Mauldin, from other claims against other parties in the original complaint filed in this action. We will grant the writ of mandamus in this case.
On 7 April 1978, Murphy Manufacturing Company, Inc., filed suit against the following:
“Tyler Morgan & Associates, Tyler Morgan, individually, Edward Douglas, Industrial Furnace Company, J. Gordon English Company, Inc., Atomic Machine & Welding Co., John Doe, Richard Roe, A & B, Partners doing business under the firm name and style of C Company, Z Corporation, all of whose names are otherwise unknown to plaintiff but will be added by amendment when ascertained but are those defendants responsible for damages for failure to install a properly operable furnace for plaintiff during the period July, 1976 to July, 1977.”
The claims asserted in the original complaint pertain to a series of transactions occurring between 4 July 1976 and 4 July 1977. These transactions concerned the design, manufacture, and installation of the furnace at Murphy. The complaint contains claims based upon breach of implied warranty, both under the Alabama Extended Manufacturers Liability Doctrine and breach of express and implied warranties outside that doctrine, negligence, wantonness, and breach of contract. In that complaint, Murphy sought damages in the amount of $100,000.
On 7 April 1981, Murphy filed an amendment to the original complaint that added the following as defendants:
*893 “La-Mo Refractory Supply Company, Inc., a corporation, J. R. Mauldin, individually, and Furnace & Corrosive Services, Inc., a corporation.”
The amended complaint alleges that in October 1977, Murphy contracted with La-Mo, Mauldin, and Furnace & Corrosive Services, to rework the boiler firebox and dutch oven. Murphy claims the latter defendants did not satisfactorily perform the work contracted to be done by them. The amended complaint seeks additional damages in the amount of $50,000.
On 1 October 1981, La-Mo, Mauldin, and Furnace & Corrosive Services, filed a motion under Rule 21, ARCP, to sever the claims against them contained in the amended complaint from those asserted against the original defendants in both the original and amended complaints. The motion was denied and then this petition for a writ of mandamus was filed.
Generally, the writ will not be granted if the matter complained of can be raised on appeal. The test to be applied in deciding whether mandamus should be granted is whether appeal provides an adequate remedy. See Evans v. Insurance Company of North America, 349 So.2d 1099 (Ala.1977). An appeal would not provide an adequate remedy in this case.
Rule 21, ARCP, allows the severance of any claim or claims against a party who has been misjoined in the action. Such severance may occur either by order of the trial court on motion by any party or by order of the court on its own initiative.
The facts as established by the record clearly reflect that the trial court should have, as a matter of law, granted the motion to sever claims made in the amended complaint against La-Mo, Mauldin, and Furnace & Corrosive Services. There are two separate contracts involved in this case: the original contract for the design, manufacture, and installation of a furnace by defendants other than petitioners; another distinct and separate one, at a later date, for the repair of the boiler firing system by petitioners. An examination of the pleadings alone shows the claims made against La-Mo, Mauldin and Furnace & Corrosive Services, are entirely different from those made against Tyler Morgan & Associates, et al. Also, it appears the transactions occurred in two separate time frames and there is no evidence in the record to show any correlation between the claims made in the original complaint and those in the amended complaint.
Severance of the claims will not prevent Murphy from seeking relief against La-Mo, Mauldin, and Furnace & Corrosive Services in the separate action created by severance of the claims. When a claim is severed from the original action, a new action is thereby established and a completely independent judgment results. Key v. Robert M. Duke Insurance Agency, 340 So.2d 781 (Ala.1976).
Because of the error of the trial court in denying the motion to sever the claims against petitioner from those against the original defendants, a writ of mandamus will issue from this court to require severance of the claims stated in counts seven, eight and nine from the original complaint, pursuant to Rule 21, ARCP, unless within fifteen days from the date of this opinion the trial court severs those claims.
WRIT GRANTED CONDITIONALLY.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.