Nicholas A. ATTICK, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant,

v.

Nicholas A. ATTICK, Sr., Counterclaim Defendant.

Civ. No. 5:88–cv–345 (WWE).

United States District Court,
D. Connecticut.

Oct. 24, 1995.

Carina J. Campobasso, U.S. Department of Justice, Tax Division, Washington, DC, for U.S.

Nicholas A. Attick, Sr., Westport, CT, pro se.

*RULING ON COUNTERCLAIM PLAIN-TIFF'S MOTION FOR RECONSIDER-ATION OF THE DENIAL OF SUM-MARY JUDGMENT*

EGINTON, Senior District Judge.

This action was originally brought by Nicholas A. Attick, Jr., counterclaim defendant's son, against the United States for the partial payment and abatement of taxes. The United States filed counterclaims against both individuals. It charged the counterclaim defendant with payment of the unpaid balances of three assessments made by the Secretary of the Treasury pursuant to 26 U.S.C. §§ 6671 and 6672 for unpaid income and Federal Deposit Insurance Contributions Act taxes withheld from the employees of three corporations. The counterclaim defendant filed an answer denying liability.

In a ruling dated May 24, 1990, both the complaint by and the counterclaim against Nicholas A. Attick, Jr. were dismissed and judgment was entered against the United States. Although the judgment only pertained to Nicholas A. Attick, Jr., the case was mistakenly closed through a clerical error. In any case, the counterclaim defendant's attorney was permitted to withdraw and the counterclaim defendant entered his appearance as a *pro se* party on December 3, 1992.

The case was subsequently reopened upon motion by the United States. The United States also served a Request for Admissions on the counterclaim defendant and filed a motion for summary judgment. The summary judgment motion was denied by this court in a ruling dated April 18, 1995. By motion filed on October 2, 1995, the United States now moves for reconsideration of that ruling. The counterclaim defendant has not responded to the request for admissions, the motion to reopen, the summary judgment motion or the reconsideration motion.

Although the motion for reconsideration is untimely pursuant to Local Rule 9(e), this court believes that a dismissal at this time would not be in the interests of judicial economy. The tardiness is waived and the motion is granted. For the reasons set forth below, the previous ruling will be vacated.

### The Admissions

Pursuant to Fed.R.Civ.P. 36(a), the matters contained in a request for admissions are deemed admitted unless, within 30 days of service, the party to whom the request is directed serves a written answer or objection. Any matter admitted under Rule 36(a) is "conclusively established" and may be used for summary judgment unless the court upon motion permits withdrawal or amendment of the admission. Fed.R.Civ.P. 36(b); *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651 (2d Cir.1983). This is true even if the request was never received, as long as the service requirements of Rule 5(b) have been met. *Freed v. Plastic Packaging Materials, Inc.*, 66 F.R.D. 550, 552 (E.D.Pa.1975). Proper service may be made on a party by mail to his "last known address" and is complete upon mailing. Fed.R.Civ.P. 5(b).

The United States certifies that on June 23, 1994, it served Requests for Admissions on the counterclaim defendant pursuant to Fed.R.Civ.P. 36(a) by certified mail to the address provided in his *pro se* notice of appearance. As of the date of this order, the counterclaim defendant has not responded and the matters contained in the Requests for Admission are therefore deemed admitted.

### FACTS

The pleadings and admissions reveal the following facts. From January 1, 1980 until August 1, 1980, the counterclaim defendant was president of J. Daren & Sons, Inc. He had ultimate responsibility for the financial decisions of the corporation as well as of its three subsidiary corporations: Reading Fast Foods, Inc., ABE Fast Foods, Inc., and Harrisburg Fast Foods, Inc. The counterclaim defendant and his son had sole check signing authority with respect to the three subsidiaries.

In 1980, creditors of the three subsidiary corporations were paid as follows:

Harrisburg Fast Foods, Inc. paid over $2,413.01 at the time the counterclaim defendant knew it was indebted to the Internal Revenue Service (IRS) for withheld taxes for the quarters ending March 31, 1980, June 30, 1980 and September 30, 1980.

Reading Fast Foods, Inc. paid over $6,881.59 at the time the counterclaim defendant knew it was indebted to the IRS for withheld taxes for the quarters ending March 31, 1980 and June 30, 1980.

ABE Fast Foods, Inc. paid over $11,109.32 at a time the counterclaim defendant knew it was indebted to the IRS for withheld taxes for the quarters ending March 31, 1980, June 30, 1980, September 30, 1980 and December 31, 1980.

### Summary Judgment Standards

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

However, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but [its] response ... must set forth specific facts showing that there is a genuine issue for trial." If the opposing party "does not so respond, summary judgment, if appropriate, shall be entered against the [opposing] party." Fed.R.Civ.P. 56(e).

Summary judgment must be entered against the nonmoving party if it fails to

make a sufficient showing of an essential element for which it will carry the burden of proof at trial. In such a case, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### DISCUSSION

■ An employer is required to deduct and withhold income and social security taxes from the wages paid to its employees. 26 U.S.C. §§ 3102(a) and 3402(a). The taxes are held by the employer as a "special fund in trust" for the United States. 26 U.S.C. § 7501. These "trust fund taxes" may not be used to pay the employer's business expenses, including salaries, or for other purposes. They are for the exclusive use of the United States. *Kalb v. U.S.,* 505 F.2d 506, 510 (2d Cir.1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975).

Section 6672(a) of the Internal Revenue Code provides that

> [a]ny person required to collect, truthfully account for and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The penalty is assessed and collected in the same manner as taxes. 26 U.S.C. § 6671(a).

### Validity of Certificates of Assessment

■ The IRS makes an assessment of liability by "recording the liability of a taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203. The assessment meets this statutory obligation when an assessment officer signs a summary record of assessment that describes (1) the identity of the taxpayer; (2) the character of the assessed liability; (3) the taxable period (if any); and (4) the amount of the assessment.

26 C.F.R. § 301.6203–1; *Hefti v. I.R.S.,* 8 F.3d 1169, 1172 (7th Cir.1993). Certificates of Assessment (Forms 4340) that meet these requirements constitute presumptive evidence that the assessments were made and that they are valid. *U.S. v. Lease,* 346 F.2d 696, 700 (2d Cir.1965).

In this case, the motion for summary judgment was denied because the United States failed to establish that the Certificates of Assessment it presented were presumptively valid. The Certificates did not indicate (1) whether the person assessed, "N.A. Attick," was the counterclaim defendant or his son, or (2) the character of the assessed liability.

■ Attached to the motion for reconsideration are new Certificates of Assessment for the three subsidiary corporations. Each Certificate is accompanied by certification signed by an IRS official indicating that it is a true record and each states that the assessment is for "Trust Fund Recovery Penalty." In addition, a signed declaration by Robert P. Riley, the Court Witness, states that the social security number that appears on each Certificate is that of the counterclaim defendant. Accordingly, as the Certificates identify the person assessed, the character of the assessment, the taxable period and the amount of the assessment, they constitute presumptive proof that valid assessments were made against the counterclaim defendant.

### Responsible Person

■ An individual challenging his liability for the assessed taxes must show that he was not responsible for the collection and payment of withholding taxes, and that his failure to comply with the statute was not willful. That individual bears the burden at trial of proving by a preponderance of the evidence that one or both of these two elements are not present. *Hochstein v. U.S.,* 900 F.2d 543, 546 (2d Cir.1990).

■ To constitute a "responsible person," the individual need not have had sole or ultimate control over the corporation's finances. *U.S. v. Rem,* 38 F.3d 634, 642 (2d Cir.1994). The central question is whether

the individual had "significant control" over the disbursement of funds. Factors to be considered include the individual's duties as outlined in the corporate bylaws, his ability to sign checks, his status as an officer or director, and his power to hire and fire employees. *Hochstein v. U.S.*, 900 F.2d at 547.

The United States has met its burden to show that there is no genuine issue of material fact as to whether the counterclaim defendant was a "responsible person" pursuant to 26 U.S.C. § 6672. Through his failure to respond to the requests for admissions, the counterclaim defendant admitted that during the time period of the assessments, he was president of J. Daren & Sons, Inc., and that he and his son had sole check signing authority with respect to the accounts of Harrisburg Fast Foods, Inc., Reading Fast Foods, Inc. and ABE Fast Foods, Inc. He also admitted that he had ultimate authority over all financial decisions regarding all four corporations.

The United States has also met its burden to show that there is no genuine issue of material fact as to whether the nonpayment was willful. A person is considered to have willfully failed to pay withholding taxes within the meaning of 26 U.S.C. § 6772 when he pays other creditors with knowledge that withholding taxes are due. *Id.* at 548.

In his answer, the counterclaim defendant admitted that he did not pay the taxes as assessed. Through the request for admissions, he also admitted that he paid creditors of each of the three subsidiary corporations at a time when he, as a responsible person, knew the corporations were indebted to the IRS for withheld taxes. Accordingly, as the counterclaim defendant has failed to come forward with evidence indicating a genuine issue of material fact relating to either the validity of the assessments or his liability for the assessments, summary judgment must be entered in favor of the United States.

## CONCLUSION

For the foregoing reasons, upon reconsideration, this court's endorsement ruling dated April 18, 1995 is hereby VACATED and the motion for summary judgment [34] is GRANTED. Judgment shall enter in favor of the United States in the amount of $20,-403.92 plus statutory interest, less credits and payments.