**Alexander O'BRYANT**

v.

**ALLSTATE INSURANCE COMPANY, et al.**

**Civ. No. B–83–45 (PCD).**

United States District Court, D. Connecticut.

July 25, 1985.

Monte S. Klein, Bridgeport, Conn., for plaintiff.

John E. Tener, Peter J. Ennis, Robinson, Robinson & Cole, Hartford, Conn., for Allstate Ins. Co.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

This action originated in state court but was removed here on diversity grounds. Plaintiff claims damages against defendant Allstate Insurance Company (Allstate) for (a) breach of contract of insurance (Count 1); (b) breach of a settlement agreement (Count 2); (c) breach of an unspecified agreement and/or fraudulent misrepresentation (Count 3); (d) violation of Conn.Gen. Stat. §§ 38–60 and 38–61, unfair and deceptive insurance practices (Count 5); and (e) violation of Conn.Gen.Stat. § 42–110b, the Connecticut Unfair Trade Practices Act (Count 6).

In February 1980, Allstate issued to plaintiff a renter's policy insuring his personal property at his home in Stamford, Connecticut. This one-year policy was renewed for an additional year in February 1981. A burglary allegedly occurred at plaintiff's home on December 9, 1981. Plaintiff alleges that he lost, as a result, certain items of personal property for which he made claim against his insurer. He alleges that he filed various reports, made telephone calls to Allstate's claim agent, and discussed settlement. Defendant Pinkerton's, Inc., who is not a movant herein, conducted an investigation to enable Allstate to evaluate the claim. In addition to requested information and materials filed, Allstate also asked for tax returns and other documentation it deemed relevant to the substantiation of plaintiff's claims. Some disputes arose in these respects. While plaintiff claims, in Count 2, that a settlement was reached, it appears quite clear that within five to six months after the loss the claim was not then, and not going to be, resolved as Allstate had declined to make payment.

Allstate has now moved for summary judgment as to all counts asserting that plaintiff may not, as a matter of law, recover under the policy because:

(a) Plaintiff has not brought his suit within the time prescribed by the policy and by the statute which incorporates a one-year limitation in the policy. Conn. Gen.Stat. §§ 38–98, 38–99(a).

(b) Plaintiff has failed to comply with policy conditions precedent to defendant's liability by failing to file a sworn proof of loss as required by the policy and Conn. Gen.Stat. §§ 38–98, 38–99.

(c) Plaintiff has failed to comply with policy conditions precedent to defendant's liability by his failure to provide bills, invoices and vouchers substantiating his claim.

(d) Plaintiff has failed to comply with policy conditions precedent to defendant's liability by his failure to answer questions under oath and to provide relevant documents, including specifically income tax returns.

Defendant has supported its motion by (a) the pleadings in which the foregoing are framed as issues; (b) defendant's requests for admission dated July 8, 1983, which the record indicates remain unanswered, a certificate of service of the requests being on file and plaintiff having raised no question as to the receipt thereof; (c) plaintiff's statement under oath dated April 15, 1982; (d) defendant's statement of material facts as to which there is no genuine issue, dated March 21, 1984.

Defendant correctly claims that the record establishes the necessary facts on which its defenses and the grounds for its motion are premised. These facts are largely established by plaintiff's failure to deny such as matters contained in requests for admission. Rule 36, Fed.R.Civ.P. Plaintiff has not answered, denied nor objected to the requests. Plaintiff requested

extensions of the time to answer the requests and was granted same on two occasions. Plaintiff's last request for an extension was denied for want of substantiation or showing of good cause on April 25, 1984. Defendant invokes Rule 36(a), which states that each "matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney...." The court record clearly establishes that no answer or objection has been filed at any time. Thus the matters in the request are all deemed admitted. Rule 36(a). All matters thus admitted "are conclusively established" as there has been no withdrawal or amendment of any admission, a motion for which is permitted by Rule 36(b), but has not been made.

If the foregoing were the end of the matter, factually the record would reflect no genuine issue of material fact and defendant's entitlement to summary judgment as a matter of law as to the policy defenses, except the court would not sustain the defendant's contention that plaintiff has failed to answer questions under oath or to provide tax returns as unequivocally required by the policy. The record does not reflect a refusal to answer clearly relevant questions at the peril of loss of plaintiff's rights to benefits under the policy; likewise, the Allstate claim with respect to plaintiff's failure to produce tax returns.

Against this record, plaintiff has filed a statement of facts in dispute which asserts the existence of questions of fact as to:

(a) The terms of the policy of insurance.
(b) Defendant's concession of liability.
(c) Plaintiff's compliance with the cooperation requirement.
(d) Defendant's failure to process plaintiff's claim.
(e) Defendant's improprieties in the investigation and refusal of plaintiff's claim.

Plaintiff's affidavit asserts:

1. The insured's premises was burglarized on December 9, 1981.
2. The loss was reported to Allstate.
3. Plaintiff provided information to Allstate.
4. Plaintiff was advised of a need for bills, receipts or other documents to prove ownership and value of the lost items.
5. Plaintiff signed a sworn proof of loss.
6. Allstate did not require further documents.
7. Plaintiff tendered cooperation.
8. Plaintiff provided statements of others and documents pertinent to items claimed to have been lost.
9. A settlement was agreed upon and plaintiff was reassured that he would be paid as late as June of 1982.
10. Plaintiff was not advised of any deficiencies in his cooperation.
11. The only information refused was his tax returns, which he did not deem relevant, and which, in any event, he did not possess.

Plaintiff's contentions require an assessment of the interrelationship of Rules 36 and 56. Under the former, all matters admitted are conclusively established unless the court thereafter otherwise orders, on motion of the party affected. Plaintiff has either chosen or failed to deny or answer defendant's request for admission and thus is deemed to have admitted:

(1) The policy as presented by Allstate included the language limiting suits to those brought within one year after the loss and then only after full compliance with the terms of the policy and the requirement of filing a sworn proof of loss within sixty days of the loss.

(2) Plaintiff intentionally concealed material facts.

(3) Plaintiff failed to provide Allstate with bills, invoices or vouchers material to the documentation of his claims of loss.

(4) Plaintiff failed to submit a sworn proof of loss at any time.

■ Thus, the first question is whether plaintiff may now create a record contradicting those admissions in order to blunt the motion for summary judgment on the ground that genuine issues of fact exist. If Rule 36 controls, then as to the facts that are determinative of this matter, same were admitted and conclusively established. One must suppose that when the rule makers provided that a matter was conclusively established, that was the end of any dispute on that matter. When concluded, a matter would not be open for further dispute or contest. On that basis, it is clear that there is no genuine issue as to the policy requirement that suit be brought within one year;[1] that plaintiff was obliged to provide invoices, bills and documents establishing his ownership and value of the property and failed to do so; plaintiff intentionally concealed material facts; and that plaintiff failed to submit a sworn proof of loss at any time.

■ Without addressing the point, perhaps to avoid flagging the deficiency by which plaintiff is in the present quandry, plaintiff blithely attempts to show the existence of factual issues without dealing with Rule 36. Admissions may demonstrate the want of a genuine issue of material fact on which a summary judgment may be premised. *See, e.g., Donovan v. Carls Drug Co.*, 703 F.2d 650, 651 (2d Cir.1983); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir.1966); *see also* 8 C. Wright & A. Miller, *Federal Practices and Procedures*, § 2264, n. 71. Plaintiff has not asserted that he answered the requests nor that he attempted to withdraw the admissions using the procedure provided by Rule 36. To permit plaintiff now to contest in a Rule 56 procedure a matter which has been concluded under Rule 36 would permit plaintiff to subvert the purpose of Rule 36 by simply ignoring it. Allowing such a result would render Rule 36 meaningless. This could not have been the intention in the adoption of the rule. *See McSparran v. Hanigan*, 225 F.Supp. 628, 636–37 (D.Pa.1963), *aff'd*, 356 F.2d 983 (3rd Cir.1966). It will not be the result permitted in this case. The clear intent may be found in the amendment adding Rule 36(b) in 1970. While the loss to a party of his right to contest a matter on its merits is not to be treated lightly, where that loss results from the party's own failure to file an answer to requests for admission and further its failure to utilize the procedure provided in Rule 36 to rectify the deficiency, the loss is a casualty of the court's obligation to process cases to disposition in an orderly, effective, expeditious manner and in accordance with its published rules.

■ Accordingly, plaintiff is foreclosed from contesting the issues raised by the motion of Allstate as set forth above and the motion is therefore, granted, as to Count 1.

Allstate's motion does not establish a factual record with respect to Counts 2, 3, 5 and 6. Though plaintiff, by the decision herein as to Count 1, is precluded from enforcing his insurance policy rights, his rights are not precluded with respect to the theories set forth in Counts 2, 3, 5 and 6. The contract of insurance existed and created certain rights or potential rights by the operation of law other than the benefits specifically provided in the policy. Whether plaintiff can prevail on those theories is not negatived by Allstate's defenses to the enforcement of the policy. As the motion thus does not reach the theories under Counts 2, 3, 5 and 6, the motion is denied with respect thereto.

SO ORDERED.

---

1. Plaintiff's argument that the statutory language limiting suits to those brought "within twelve months next" is ingenuous and without merit. There is no difference between a limit of the bringing of a suit within one year and a limit of the bringing of a suit within twelve months next. The phrase "twelve months next" cannot be contorted into a provision for a period of twelve full calendar months next after the loss as plaintiff contends. Such would not be a construction of an ambiguous phrase, but a rewriting of that phrase.