**Phillip GARDNER and Phyllis F. Gardner, Individually and as Parents and Natural Guardians of Phillip Gardner, II**

v.

**BORDEN, INC.**

**Civ. A. No. 84–A037.**

United States District Court, S.D. West Virginia, Parkersburg Division.

July 14, 1986.

Richard J. Lippes, Allen, Lippes & Shonn, Buffalo, N. Y., Ray E. Ratliff, Jr., Kaufman & Ratliff, Charleston, W. Va., for plaintiffs.

Robert L. Elkins, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the motion of the Defendant for summary judgment. The motion is accompanied by a brief. The time for responding having passed, the Court deems the matter mature for decision.

The Plaintiffs' complaint in this action sounds in negligence, strict liability in tort, breach of warranty, and misrepresentation. All of the theories stem from alleged damages suffered by the Plaintiffs due to installation of ureaformaldehyde foam insulation in the Plaintiffs' house by the Defendant.

As part of the discovery in this action, the Defendant served upon the Plaintiffs on April 14, 1986, a set of requests for admissions. Pertinent to the instant motion, the requests for admission asked the following of the Plaintiffs:

1. Admit that Borden neither gave nor made any implied warranties to Plaintiffs.

2. Admit that Borden made no statements or representations to Plaintiffs about Borden's product.

3. Admit that Plaintiffs had no contract with Borden for the installation of urea-formaldehyde foam insulation.

4. Admit that Plaintiffs have no evidence that Borden was negligent in any respect in the manufacture or marketing of any urea-formaldehyde foam insulation.

5. Admit that Plaintiffs have no evidence that Borden was grossly, recklessly or wantonly negligent in any respect in the manufacture or marketing of any urea-formaldehyde foam insulation.

6. Admit that Borden's urea-formaldehyde foam insulation is not defective in any respect or unreasonably dangerous in any respect.

7. Admit that Borden has engaged in no conduct which would justify any award of punitive damages.

Although it is readily apparent that these requests for admissions strike at the very heart of the Plaintiffs' case and, indeed, defeat their claims, the Plaintiffs did not respond within the thirty days provided by *Rule* 36(a), Federal Rules of Civil Procedure. Nor have the Plaintiffs made response when they were given notice by the Defendant that the latter would seek disposition in its favor on the basis of the absence of response.

As the Defendant aptly points out, *Rule* 36(a) of the Federal Rules of Civil Procedure, provides, in part, that the matter of any request to admit "is admitted unless, within thirty days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter signed by the party or his attorney." *Rule* 36(b) provides, in part, that any matter "admitted under this rule is conclusively established...."

The Court has reviewed the applicable case law and finds the proposition urged by the Defendant to be well settled: "[A]dmissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment." *Freed v. Plastic Packaging Materials, Inc.,* 66 F.R.D. 550, 552 (E.D.Pa.1975). *See also O'Bryant v. Allstate Ins. Co.,* 107 F.R.D. 45 (D.Conn. 1985); *Transportes Aereos De Angola v. Ronair, Inc.,* 104 F.R.D. 482 (D.Del.1985); *Weva Oil Corporation v. Belco Petroleum Corp.,* 68 F.R.D. 663 (N.D.W.Va.1975); and *Shapiro, Bernstein & Co., Inc. v. Log Cabin Club Association,* 365 F.Supp. 325 (N.D. W.Va.1973).

There being no genuine issue of material fact, as a result of the requested admissions being deemed admitted, the Court concludes that the Defendant is entitled to judgment as a matter of law. An appropriate order will issue.