**DIRECTV, INC.,**

v.

**Roger PRICE**

**No. CIV.A. 04–0054–FJP–D.**

United States District Court, M.D. Louisiana.

Nov. 7, 2005.

---

Katherine Marie Loos, Shannon J. Gremillion, Briney & Foret, Lafayette, LA, for DIRECTV, Inc.

Roger Price, Dequincy, LA, pro se.

## OPINION

POLOZOLA, District Judge.

This matter is before the Court on a motion for summary judgment[1] filed by

1. Rec. Doc. No. 8.

plaintiff in this case.[2] No oral argument is required on this motion. For reasons which follow, plaintiff's motion for summary judgment is granted.

## I. Factual Background

Plaintiff DIRECTV, Inc. ["DIRECTV"] is one of the nation's leading providers of direct-to-home satellite television programming, offering more than 225 channels of programming. DIRECTV's services include numerous premium movie channels, such as HBO, Cinemax, Starz, and Showtime, along with numerous pay-per-view events and specialized sports programming. DIRECTV contends that it has spent billions of dollars establishing its satellite television service.

To prevent unauthorized viewing of its programming, DIRECTV encrypts, or scrambles, its broadcasts. To receive DIRECTV programming, a customer must possess a small satellite dish, and integrated receiver/descrambler ["IRD"], and a DIRECTV access card. The access card is a programmable "smart card." Each DIRECTV Access Card contains an embedded microprocessor and uses smart card technology to (1) control which DIRECTV programming is unscrambled based on the programming package or other programming purchased by the subscriber and to (2)capture and transmit to DIRECTV the subscriber's pay-per-view information.

DIRECTV claims that it has incurred substantial expenses to create the Office of Signal Integrity and to staff it with personnel who have the responsibility to investigate the theft of DIRECTV satellite programming services. DIRECTV periodically sends out electronic signals through the date stream that disable illegal cards to combat piracy of its signal. On Sunday, January 21, 2001, DIRECTV sent out an effective ECM that rendered certain unauthorized DIRECTV access cards inoperable. Due to the apparent effectiveness of this ECM in disabling illegally modified access cards, this ECM became known as the "Black Sunday ECM" in the piracy community. Bootloaders[3] were designed specifically to overcome the effects of DIRECTV's Black Sunday ECM.

On or about January 24, 2004, DIRECTV executed a Temporary Restraining Order, with the assistance of the U.S. Marshal's Office, on Michael Worley and EQ Stuff, Inc., doing business as "EQ Stuff." Pursuant to the Order, DIRECTV obtained business records[4] from EQ Stuff which indicated EQ Stuff was involved in an ongoing illegitimate enterprise which focused on distributing electronic devices primarily designed for the surreptitious interception of satellite communications broadcast by DIRECTV.

On or about August 22, 2001, defendant Roger Price purchased from EQ Stuff's website, EQ Stuff.org, an EQ Bootloader costing $45.00 which was charged on his Mastercard. Price received this EQ Bootloader device which he ordered. It is clear that Price knew the EQ Bootloader device was primarily designed for the purpose of obtaining unauthorized reception of DIRECTV satellite programming without paying for it. The record reveals that Price used the device to gain illegal access

---

2. Plaintiff has also filed a motion to strike defendant's answer which will be denied as moot for reasons set forth in this opinion.

3. Bootloaders are designed for the purpose of circumventing DIRECTV's conditional access system.

4. The records included orders, invoices, electronic communications, shipping documentation, product descriptions, and customer lists related to the distribution of Pirate Access Devices.

to DIRECTV programming for several months. Price admitted that he used the e-mail addresses pricepricer1@aol.com and pricer1@etigers.net from December 1999, through December 2002. Price possessed at least two DIRECTV access cards. The defendant purchased his satellite equipment and activated a DIRECTV account on or about April 23, 1999.

Prior to filing its motion for summary judgment, DIRECTV propounded certain request for admissions to the defendant in accordance with Rule 36 of the Federal Rules of Civil Procedure. The defendant neither answered nor objected to these request for admissions. The defendant has also failed to file an opposition to plaintiff's motion for summary judgment as required by Rule 56 of the Federal Rules of Civil Procedure and Rule 7.5 of the Uniform Local Rules.

## II. Law and Analysis

### A. Rule 36 of the Federal Rules of Civil Procedure

■■■ Rule 36(a) of the Federal Rules of Civil Procedure provides:

The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow .or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

On November 19, 2004, counsel for plaintiff served on the defendant certain discovery requests, including requests for admission. Defendant received these requests as evidenced by his signature on the return receipt which has been filed in evidence.[5] The defendant failed to answer or object to the request for admissions. The defendant's failure to timely respond or object to the request for admissions results in the automatic admission of the matters requested.[6] It is also clear that request for admissions can be used as evidence in support of a motion for summary judgment.[7]

### B. Rule 7.5 of the Uniform Local Rules

■■■ Rule 7.5 of the Uniform Local Rules of the United States District Courts for the Middle District of Louisiana regarding response and memorandum provides the following:

Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion.

Plaintiff filed the motion for summary judgment at issue on July 26, 2005.[8] Defendant has failed to timely respond as required by Rule 56 of the Federal Rules of Civil Procedure and Rule 7.5 of the Uniform Local Rules. Since the defendant has failed to oppose the plaintiff's motion for summary judgment, the Court must and does conclude that defendant has no opposition to the motion.

---

**5.** Exhibit 2.

**6.** *O'Bryant v. Allstate Ins. Co.,* 107 F.R.D. 45, 48 (D.Conn.1985); *Federal Trade Comm. v. Medicor, LLC,* 217 F.Supp.2d 1048, 1053 (C.D.Cal.2002); *In re Carney,* 258 F.3d 415, 421 (5th Cir.2001) ("The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of the case.")

**7.** *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117, 1120 (5th Cir.1991).

**8.** Rec. Doc. No. 8.

## C. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[10] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[11] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[12]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[13] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[14] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[15] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[16] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[17]

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[18] It is clear that plaintiff is entitled to summary judgment as a matter of law under the facts of this case.

## D. Defendant's Statutory Violations

There are several statutory violations in this case which support plaintiff's motion for summary judgment.

---

9. Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir.1996).

10. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir.1995).

11. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (*quoting Celotex*, 477 U.S. at 323–25, 106 S.Ct. at 2552).

12. *Little, supra* at 1075.

13. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046–47 (5th Cir.1996).

14. *Little, supra* at 1075; *Wallace, supra* at 1047.

15. *Wallace, supra* at 1048 (quoting *Little, supra* at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

16. *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir.1995).

17. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

18. *Id.* at 248, 106 S.Ct. at 2510.

Section 605(a) of Title 47 of the United States Code provides the following:

No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Defendant violated § 605(a) by misappropriating protected communications. Defendant's admissions also establish his unauthorized and illegal interception of DIRECTV's communications in violation of Section 2511(1)(a) of Title 18 of the United States Code.[19] This section provides:

. . . . [A]ny person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication...shall be punished as provided in subsection (4)[20] or shall be subject to suit as provided in subsection (5).[21]

### E.  Jurisprudence

■ The Fifth Circuit Court of Appeals has recently decided three cases that support the Court's decision to grant plaintiff's motion for summary judgment. In *DIRECTV, Inc. v. Budden*,[22] the Fifth Circuit affirmed the district court's grant of DIRECTV's motion for summary judgment holding that DIRECTV had standing to bring a civil action as a "person aggrieved" under Section 605(e)(3)(A) of Title 47 of the United States Code for a violation of either Section 605(a) or Section 605(e)(4) of that same Title. The court in *Budden* held that the definition of "person aggrieved" in Section 605(d)(6) is not an exhaustive list and, therefore, DIRECTV had standing to bring its claim.[23] Applying *Budden* to the motion pending before the Court, the Court finds that DIRECTV has standing as a "person aggrieved" under Section 605(a) of Title 47 of the United States Code. The Court further finds that defendant's admissions support a finding that the defendant violated this section.[24]

■ In *DIRECTV, Inc. v. Robson*,[25] the Fifth Circuit held that to prevail on claims for violations of Sections 605(a) and 2511(1)(a), DIRECTV must prove that the defendant intercepted or otherwise unlawfully appropriated DIRECTV's transmis-

---

19.  The recovery of civil damages in violation of this section is authorized by Section 2520 of Title 18 of the United States Code, which provides:

"Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

20.  "Except as provided in paragraph (b) of this subsection or in subsection (5), whoever violates subsection (1) of this section shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. 2511(4)(a).

21.  "If the communication is a private satellite video communication that is not scrambled or encrypted and the conduct in violation of this chapter is the private viewing of that communication and is not for a tortious of illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain...then the person who engages in such conduct shall be subject to suit by the Federal Government in a court of competent jurisdiction." 18 U.S.C. 2511(5)(a)(i)(A).

22.  420 F.3d 521 (5th Cir.2005).

23.  *Id.* at 528.

24.  The other summary judgment evidence submitted by the plaintiff also supports the Court's decision to grant summary judgment.

25.  420 F.3d 532 (5th Cir.2005).

sion.[26] In *Robson*, the court affirmed the district court's grant of the defendant's motion for summary judgment, finding that DIRECTV failed to present any direct evidence of an illegal interception. The Court also held that the defendant was not found to possess the equipment necessary for such an interception.[27] Applying the decision in *Robson* to the facts of this case, the Court finds that the defendant possessed the equipment necessary for an illegal interception and that the defendant actually intercepted or otherwise unlawfully appropriate DIRECTV's satellite transmission.

Finally, in *DIRECTV, Inc. v. Minor*,[28] the Fifth Circuit vacated the district court's grant of summary judgment in favor of the defendant, finding genuine issues of material fact as to the defendant's illegal interception of satellite transmissions. The court held, following *Robson*, that DIRECTV's claims under §§ 605(a) and 2511(1)(a) hinge upon whether DIRECTV created a triable issue on the key element of actual interception. Price had a DIRECTV dish on his roof but was never a DIRECTV subscriber. Applying *Minor*, the Court finds that Price possessed the equipment necessary for an illegal interception and that he actually intercepted or otherwise unlawfully appropriate DIRECTV's satellite transmission.

### F. Plaintiff is Entitled to Statutory Damages

█ Having found that DIRECTV has established the defendant's liability, the Court must determine the amount of damages plaintiff is entitled to recover. The Court finds that DIRECTV is entitled to recover $10,000 in statutory damages[29] for the defendant's violations of Sections 605(a) of Title 47 and Section 2511(1)(a) of Title 18 of the United States Code.

### G. Plaintiff is Entitled to Recover Attorneys' Fees and Costs

The Court also grants DIRECTV's request for attorneys' fees and costs.[30] After reviewing Exhibits 7 and 8 attached to plaintiff's motion for summary judgment, the Court finds that plaintiff is entitled to the sum of $7,651.00 in attorneys' fees and $209.34 in costs for the defendant's violations of Sections 605(a) of Title 47 and Section 2511(1)(a) of Title 18 of the United States Code.

### H. Plaintiff is Entitled to Injunctive Relief

Plaintiff also seeks injunctive relief against the defendant. The Court finds that DIRECTV is entitled to injunctive relief[31] as prayed for due to the defendant's violations of Sections 605(a) of Title 47 and Section 2511(1)(a) of Title 18 of the United States Code. The Court permanently enjoins Price, his employees, agents, servants, successors and assigns, and any other person acting in concert with him, from committing or assisting in the commission of any violation of Sections 605(a) of Title 47 and Section 2511(1)(a) of Title 18 of the United States Code.

### I. Plaintiff's Motion to Strike Defen-

---

26. *Id.* at 537.

27. *Id.*

28. 420 F.3d 546 (5th Cir.2005).

29. *See* 47 U.S.C. 605(e)(3)(C)(i)(II), 18 U.S.C. 2520(c)(2).

30. *See* 47 U.S.C. 605(e)(3)(B)(iii), 18 U.S.C. 2520(b)(3).

31. *See* 47 U.S.C. 605(e)(3)(B)(i), 18 U.S.C. 2520(b)(1).

dant's Answer [32]

 Because of the Court's decision to grant plaintiff's motion for summary judgment, the plaintiff's motion to strike defendant's answer is denied as moot without prejudice.[33]

## III.  Summary and Conclusion

For reasons set for the above, the Court finds that plaintiff's motion for summary judgment should be granted.  The Court further finds that plaintiff is entitled to statutory damages in the amount of $10,000, attorneys' fees in the amount of $7,651.00, and costs in the sum of $209.34.[34] The Court also finds that plaintiff is entitled to a permanent injunction as prayed for.  Therefore:

IT IS ORDERED that plaintiff's motion to strike defendant's answer is denied without prejudice as moot.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment shall be granted.  Plaintiff shall file a proposed judgment in accordance with this opinion within 15 days from the date of this opinion.

---

**32.**  Rec. Doc. No. 8.

**33.**  It is clear that a party may not oppose a summary judgment by mere reliance on his pleadings.  It is necessary for a person to file summary judgment type evidence to oppose a motion for summary judgment.

**34.**  The Court is awarding plaintiff attorneys' fees and costs which were due at the time the motion for summary judgment was filed The Court reserves to the plaintiff the right to seek additional attorneys' fees and costs which may be incurred in the collection of this judgment.